OPINION
{¶ 1} Appellant Kenneth Risner ("Risner") brings this appeal from the judgment of the Court of Common Pleas of Hardin County dismissing his administrative appeal as untimely.
 {¶ 2} On September 13, 1996, Risner was injured while employed by Rockwell International ("Rockwell"). Risner received payments from the Bureau of Workers' Compensation. On October 15, 2003, Risner filed a motion to receive additional funds for a herniated disc. The request was denied on December 18, 2003, by the District Hearing Officer of the Industrial Commission ("IC"). Risner appealed the decision to the Staff Hearing Officer. On March 16, 2004, Risner's appeal was denied. Risner filed a notice of appeal with the Common Pleas Court on May 26, 2004. On October 15, 2004, Rockwell filed a motion to dismiss. The Common Pleas Court found that the notice of appeal was timely, but that the complaint alleging the facts was filed three months late without good cause. The Court dismissed the complaint as untimely on November 30, 2004. Risner appeals from this judgment and raises the following assignment of error.
The trial court committed reversal (sic) error as [Risner] hadperfected his appeal by timely filing of the notice of appeal with thecourt and dismissal of this court was inappropriate and contrary tofundamental fairness.
 {¶ 3} The only issue before this court is whether the petition was timely filed.
 {¶ 4} Once the notice of appeal is filed, the appellant must file within 30 days thereof the petition setting forth the cause of action. R.C. 4123.512(D). In this case, the notice of appeal is dated May 26, 2004. The petition setting forth the cause of action was not filed until September 23, 2004, which is 120 days after the filing of the notice of appeal. Clearly, Risner did not file his petition in a timely manner. The Common Pleas Court found that no leave for a late filing was requested and no explanation for the late filing was provided. Thus, the trial court did not abuse its discretion in dismissing the appeal as untimely. The assignment of error is overruled.
 {¶ 5} The judgment of the Court of Common Pleas of Hardin County is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.